FILED ___ LODGED
___ RECEIVED

NOV 23 2011

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETSY P. ELGAR,

    Plaintiff,

v.

WELLS FARGO,

    Defendant.

CASE NO. C11-5963RJB

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

    This matter comes before the court on plaintiff's Motion to Proceed *In Forma Pauperis*. Dkt. 1. The court has considered the motion and the remainder of the file herein.

    On November 21, 2011, plaintiff filed a civil complaint and an application to proceed *in forma pauperis* (IFP), that is, without paying the $350 filing fee for a civil case. Dkt. 1.

    **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
DISMISSING CASE- 1

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she has income from Social Security and properties in the Philippines. Dkt. 1, at 2. Plaintiff has not shown that she is unable to pay the filing fee in this matter.

**Review of the Complaint.** The court has carefully reviewed the complaint in this matter. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The complaint is very difficult to decipher. Plaintiff states on one document that "These two never make me feel important." Dkt 1-1, at 4. Plaintiff has attached letters to politicians and bankers, and various other documents that are also difficult to understand.

This complaint is frivolous and fails to state a claim.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, as discussed above, any attempt by plaintiff to amend the complaint would be futile.

**Decision on Application to Proceed IFP.** Based upon the above analysis of the deficiencies in the complaint, and plaintiff's financial statement, the court should deny plaintiff's application to proceed *in forma pauperis*.

***Sua Sponte* Dismissal.** A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist.*

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
DISMISSING CASE- 2

1  *Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to
2  dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A
3  complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d
4  1221, 1228 (9th Cir. 1984). This case has no arguable basis in law or fact. The complaint should
5  be dismissed as frivolous and for failure to state a claim.

6  **IFP on Appeal.** In the event that plaintiff appeals this order, and/or appeals dismissal of
7  this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the
8  Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

9  Therefore, it is hereby

10  **ORDERED** that plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) is
11  **DENIED**. This case is **DISMISSED WITH PREJUDICE**. In the event that plaintiff appeals
12  this order, IFP status is **DENIED** by this court, without prejudice to plaintiff to file with the
13  Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

14  …

15  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
16  to any party appearing *pro se* at said party's last known address.

17  Dated this 23rd day of Nov. 2011

Robert J. Bryan
United States District Judge

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
DISMISSING CASE- 3